```
                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF PUERTO RICO

GILBERTO ORENCH VARGAS,

     Plaintiff,

           v.                              CIVIL NO. 10-1758 (FAB)

JOHN E. POTTER,
POSTMASTER GENERAL,

     Defendant.
```

### MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the defendant.  (Docket No. 9.)  Plaintiff has opposed the motion (Docket No. 12.)

For the reasons discussed below, the Court **GRANTS** defendant's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gilberto Orench Vargas filed his complaint on August 4, 2010 against defendant John E. Potter in his official capacity as the Postmaster General of the United States Postal Service.  (Docket No. 1.)

After the complaint was filed, the court received the summons to issue on August 9, 2010.  (Docket No. 3.)  The court issued the

---

[1] Alyssa Iglesias-Serpa, a third-year student at University of North Carolina Law School, assisted in the preparation of this Memorandum and Order.

Civil No. 10-1758 (FAB)                                                                 2

summons on August 10, 2010 (Docket No. 4) and received three Domestic Return Receipts and a Motion for Default on February 1, 2011.  (Docket No. 5.)  The court entered default against the defendant on February 3, 2011.  (Docket No. 7.)

On February 7, 2011, after the 120-day limit provided by Fed.R.Civ.P. 4(m), defendant moved to dismiss plaintiff's suit. (Docket No. 9.)

## LEGAL STANDARDS

In order to sue a federal officer or an employee of the United States in his or her official capacity, a party must **both** (1) send a copy of the summons and complaint by registered or certified mail to the officer or employee being sued and (2) serve the United States pursuant to Fed.R.Civ.P. 4(i)(1).  Fed.R.Civ.P. 4(i)(3).

To sue the United States, a party **must:**

   (A)  (i) **deliver** a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought[] or

   (ii) send a copy of **each** by registered or certified mail to the **civil-process clerk** at the United States Attorney's office; [and]

   (B)  send a copy of **each** by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed.R.Civ.P. (4)(1)(A-B).  (emphasis supplied)

Personal jurisdiction on defendant Potter is obtained only if plaintiff:  (1) serves a copy of the summons and complaint on the U.S. Attorney General by certified mail, (2) serves a copy of the

Civil No. 10-1758 (FAB)                                            3

summons and complaint on the U.S. Attorney for the District of Puerto Rico or one of the assistant U.S. attorneys[2] either (a) in person or (b) on the civil-process clerk by certified mail, and (3) serves the summons and complaint on defendant John E. Potter by certified mail.

The court may dismiss the action absent a showing of good cause if the plaintiff does not satisfy these requirements within 120 days of filing the complaint.  Fed.R.Civ.P. 4(m).

### DISCUSSION

Proper service of process is required for the Court to obtain jurisdiction over a person.  "It is axiomatic, and, of course, the cases so hold, that no valid judgment can be entered against the United States without proper service of process."  4B Wright & Miller, Federal Practice and Procedure, Civil 3d § 1106.  Failure to serve the United States properly will lead to dismissal.  See Omni Capital Int'l., Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987) (citations omitted); see also Miss. Publ'g. Corp. v. Murphee, 326 U.S. 438, 444-445 (1946) (citations omitted); Ortiz v. Reyes, 2006 WL 940703, at *2 (D.P.R. Apr. 10, 2006) (quoting 4B Wright & Miller, op. cit. § 1106.  Plaintiff bears the burden of proving that service was effectuated correctly and may use returns

---

[2] But service cannot be accepted by assistant U.S. attorneys on behalf of federal employees until they are representing those employees.  Coulter v. U.S. Dept. of Homeland Security, 2009 WL 3068392 (D.N.J. 2009).

Civil No. 10-1758 (FAB)                                                4

of service as *prima facie* evidence of valid service.  See Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008); see also Watkins v. U.S., 2011 WL 1624997, at *1 (D.Mass. Apr. 28, 2011) (citing U.S. v. Ayer, 857 F.2d 881, 884-885 (1st Cir. 1988). Defendant may then challenge the presumption.  See Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992) ("[O]nce challenged, plaintiffs have the burden of proving proper service.") Defendant alleges that failure to comply with Rule 4(i) results in the Court's lack of jurisdiction over his person.

The Court will address the following three issues: (1) plaintiff's failure to prove that summons were included in the certified mail package suit; (2) plaintiff's failure to effectuate proper service on the U.S. Attorney; and (3) plaintiff's failure to address or show good cause for ineffective service.

## I.   Failure to prove inclusion of summons

Defendant alleges that plaintiff only submitted a waiver of summons on the U.S. Attorney General and the U.S. Attorney. (Docket No. 16.)  The waiver of summons may never be used to substitute service on the United States.  Fed.R.Civ.P. 4(d)(1) (stating that waiver of summons applies only to parties being served under Fed.R.Civ.P. 4(e), (f), or (h)).  Plaintiff must therefore serve the United States with the complaint and the summons in order to obtain personal jurisdiction over defendant Potter.  Only defendant

Civil No. 10-1758 (FAB)                                                         5

Potter may be served in accordance with Rule 4(e), which means that he may waive service of summons. Fed.R.Civ.P. 4(i)(2)(B).

Although plaintiff provides Domestic Return Receipts as evidence of proper service (Docket No. 5.), defendant has challenged this finding by providing a copy of the waiver of summons received, which lists the following enclosures in the certified mail package: "Notice of Lawsuit and Request for Waiver of Summons, two copies of the Complaint, and a sell [sic] addressed stamped envelope . . . ."  (Docket No. 16.)  Noticeably, the summons was not listed as having been enclosed.

Plaintiff alleges that the summons were included, and that the fact that they were not listed was merely an error. (Docket No. 17.)  Despite plaintiff's assurances of proper service, Domestic Return Receipts do not prove the content of documents submitted.  But even if summons were enclosed, service was not effected properly because proper service was not effected on the U.S. Attorney.

**II.   Failure to Effectuate Proper Service**

The Court lacks jurisdiction over the defendant even had the summons been included in the certified mail letter received by the U.S. Attorney.  Proper service on the U.S. Attorney requires (1) serving the **civil-process clerk** at the U.S. Attorney's office by certified mail or (2) delivering the summons and complaint in

Civil No. 10-1758 (FAB)                                                      6

person on the U.S. Attorney or an assistant U.S. attorney.[3] Fed.R.Civ.P. 4(1)(A).  Plaintiff in this case did neither.  Instead of delivering the documents to the U.S. Attorney in person, plaintiff mailed them to her directly.  Although the documents were submitted by certified mail, plaintiff failed to name the civil-process clerk as the recipient, as the rule requires.  Fed.R.Civ.P. 4(i)(1)(A) advisory committee's note.  ("To assure proper handling of mail in the United States Attorney's office, the authorized mail service must be specifically addressed to the civil-process clerk of the office of the United States attorney."); see also 4B Wright & Miller, op. cit. § 1106 ("If the plaintiff chooses to serve the United States by registered or certified mail . . . the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States Attorney.")  Rule 4(i) very clearly provides the necessary means by which to obtain personal jurisdiction on the defendant, and plaintiff's failure to follow these procedures warrants dismissal.

**III. Failure to Show Good Cause**

Plaintiff has not shown good cause, but continues to assert that service has been properly made and that jurisdiction over the defendant has been obtained.  Plaintiff subsequently challenges defendant's ability to question personal jurisdiction for the following three reasons:  (1) defendant failed to answer the

---

[3] See Note 2.

Civil No. 10-1758 (FAB)                                                        7

complaint within the specified time frame, (2) defendant had actual knowledge of suit, and (3) entry of default by the Court.

The Court notes that no relevant case law was cited to support plaintiff's conclusions, which in any event do not have merit.  "It is the duty of an attorney to research the law and to present the court with citations to controlling legal authority" because "no court, no matter how capable and knowledgeable, can possibly keep in front of its mind every precedent and statute in the myriad of specialized areas of the law."  Vargas v. McNamara, 608 F.2d 15, 19 (1st Cir. 1979).  See U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner . . . are deemed waived.")  First, defendant's time period for filing an answer does not begin until the U.S. Attorney is properly served with process.  Because the U.S. Attorney was not properly served, the time limit did not commence or run on defendant.  Fed.R.Civ.P. 12(a)(2).  Second, actual notice or knowledge of suit, eventual receipt, or a delay in challenging the service of the summons does not validate the service or the return.  See Omni Capital Intern., Ltd., 484 U.S. at 104.

Finally, defendant has established good cause for setting aside the entry of default against him by providing a copy of the waiver of summons, which indicates that the summons was not included in the certified mail letter and that service was not properly effectuated on the U.S. Attorney because it was not

Civil No. 10-1758 (FAB)                                                8

addressed to the civil-process clerk.  Fed.R.Civ.P. 55(c).  The default entered by the Clerk is therefore set aside.  Accordingly, defendant is not barred from challenging personal jurisdiction.

Neither counsel's failure to read or understand Rule 4(i)'s requirements nor a clerical error in the law office will constitute good cause for failure to serve defendant during the 120-day time period.  See Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987); see also Tuke v. U.S., 76 F.3d 155, 156 (7th Cir. 1996).  Although some federal courts have permitted defects to be cured by plaintiffs in certain circumstances, the "Supreme Court is adamant that federal judges should carry out the rules of procedure, even if those same rules do not strike the judge as optimal."  Ortiz, 2006 WL 940703, at *2 (D.P.R. Apr. 10, 2006) (quoting Tuke v. U.S., 76 F.3d at 157).  Therefore, plaintiff's claims against defendant must be dismissed for failure to obtain jurisdiction over the defendant within Rule 4(m)'s 120-day limit.

## CONCLUSION

In light of the above, this Court **GRANTS** defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).  This case is therefore **DISMISSED without prejudice**.

Judgment shall be entered accordingly.

Civil No. 10-1758 (FAB)                                                          9

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 1, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE